IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-585-BO

| | |
|---|---|
| SERGIO LUIS RAMIREZ-RODRIGUEZ, ) ) Plaintiff, ) ) v. ) ) WAL-MART STORE EAST, L.P., ) ) Defendant. ) | O R D E R |

This cause comes before the Court upon Defendant's Motion to Stay Discovery. [DE-36]. While Plaintiff has not filed a response to the motion, Defendant has indicated that Plaintiff opposes the motion. *Id.* at 4. Nonetheless, the time for responding to the motion has expired and the matter is ripe for adjudication. In its motion, Defendant requests that the court issue an order staying discovery and suspending deadlines and requirements of Rules 16 and 26 of the Federal Rules of Civil Procedure, Local Rule 26.1 and the Court's December 4, 2012 Order directing the parties to submit a Discovery Plan. *Id.* at 1. Defendant seeks a stay and suspension of such deadlines until the Court has ruled on Defendant's pending motion for partial dismissal of the complaint which, if allowed, would dismiss all but one of Plaintiff's claims. *Id.*; *see* Def.'s Mem. in Support of its Partial Motion to Dismiss Pl.'s "Corrected Complaint" [DE-32].

Fed. R. Civ. P. Rule 26(c) of the Federal Rules of Civil Procedure authorizes a Court to issue orders limiting or staying discovery. Specifically,

> [a] court may properly exercise its discretion under Rule 26(c) to stay discovery pending resolution of dispositive motions. *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 Fed. Appx. 333 (4th Cir. 15 Jan. 2004), *cert denied*, 543 U.S. 819 (2004). Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the

claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motions. *See id.* at 735; *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1998). Conversely, discovery ordinarily should not be stayed when it is necessary to gather facts in defense of the motion. *Tilley*, 270 F. Supp. 2d at 734; *Simpson*, 121 F.R.D. at 263.

*Yongo v. Nationwide Affinity Ins. Co. of America*, No. 5:07-CV-94-D, 2008 U.S. Dist. LEXIS 14684, at *6, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (footnote omitted). Moreover, a stay of discovery "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *United States v. A.T. Massey Coal Co.*, No. 2:07-299, 2007 U.S. Dist LEXIS 77501, at *7, 2007 WL 3051449, at *2 (S.D.W.Va. Oct. 18, 2007) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D.C. Del. 1979)).

In Defendant's motion, Defendant has demonstrated good cause in support of its request, and therefore the motion to stay discovery [DE-36] is ALLOWED. IT IS HEREBY ORDERED THAT (1) all discovery is STAYED until the Court has ruled on Defendant's motion for partial dismissal [DE-31], (2) the deadlines and requirements set forth in Fed. R. Civ. P. 16 and 26, and Local Civil Rule 26.1, and the Court's Order for a Scheduling Order [DE-22], are SUSPENDED until the Court has ruled on Defendant's motion for partial dismissal [DE-31], and (3) within twenty-one (21) days following the Court's ruling on Defendant's motion for partial dismissal [DE-31], the parties shall confer for purposes of conducting their Rule 26(f) Conference and shall file, either jointly or separately, a proposed Discovery Plan and shall exchange mandatory initial disclosures, each within fourteen (14) days after their Rule 26(f) Conference.

So ordered, the 28th day of February, 2013.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

3