UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-585

| | |
|---|---|
| SERGIO LUIS RAMIREZ-RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| WAL-MART STORES EAST, L.P., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the defendant's corrected motion for partial dismissal [DE 20] and defendant's motion to dismiss plaintiff's "corrected complaint" [DE 31]. These motions seek partial dismissal of the plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, the defendant has asked the Court to dismiss the plaintiff's claims for: (1) discrimination, harassment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964; (2) discrimination, harassment, and retaliation pursuant to the Americans with Disabilities Act of 1990; and (3) violation of the Equal Pay Act of 1963. For the reasons stated herein, the defendant's motions are GRANTED.

## BACKGROUND

This *pro se* employment discrimination claim arises from the plaintiff's employment at a Walmart store in Zebulon, North Carolina. Plaintiff, who self-identifies as Hispanic Cuban, worked at this Walmart from January, 2009 until June 5, 2012. Although plaintiff states that his decision to resign was influenced by the workplace conditions which he faced, it is undisputed that the plaintiff quit his job on June 5, 2012. It is somewhat difficult to untangle the factual allegations contained in the plaintiff's many filings. However, it is clear that the plaintiff's alleged difficulties began on August 11, 2010 when he injured his foot while on the job. As the

1

plaintiff was unable to stand for extended periods of time there was some confusion as to what work activities he would be able to perform. There was further confusion about the plaintiff's worker's compensation benefits. Ultimately, it appears that the plaintiff missed approximately one week of work due to his injury. When the plaintiff returned to work he worked as a greeter, but alleged that his injury was not accommodated, that he was forced to stand for extended periods of time, and was eventually returned to his dairy/frozen food assignment.

The plaintiff has further alleged unfair treatment that began in December, 2010. Specifically, the plaintiff alleged that he was required to document his daily activities and was denied access to his employer's disciplinary policy. On December 24, 2010, the defendant received a performance evaluation and was awarded a "development needed" assessment in at least one skill category. At some point during his employment, the plaintiff submitted complaints to the North Carolina Department of Labor and to Walmart's corporate office.

After filing his request on September 6, 2012, plaintiff was allowed to proceed *in forma pauperis*. Plaintiff filed an additional copy of his complaint on October 16, 2012. And on December 28, 2012, the plaintiff filed a "corrected complaint." Plaintiff's complaints and filings allege various modes of discrimination, including discrimination based on the plaintiff's race, national origin, disability, and gender. The defendant has moved to dismiss the majority of the plaintiff's claims. The defendant's first motion to dismiss was filed on December 3, 2012. After the plaintiff filed his corrected complaint, the defendant filed a new motion to dismiss on January 14, 2013 [DE 31]. Both motions are disposed of herein.

## **DISCUSSION**

A court's ruling on a motion to dismiss addresses whether a claim for relief has been stated. A complaint will survive a motion to dismiss only if it "states a plausible claim for relief"

2

supported by well-pleaded facts that permit the court "to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such facts must "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to state a facially plausible claim, a plaintiff must do more than simply plead facts that are consistent with defendant's liability or merely restate the elements of a cause of action. *Iqbal*, 556 U.S. at 678. The facts pleaded by the plaintiff must allow the court to draw a reasonable inference that the defendant is actually liable for the misconduct alleged. *Id.* In drawing such an inference, the court should view the complaint in the light most favorable to the plaintiff and should accept well-pleaded allegations as true. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court will not consider "bare assertions" that are not supported by such well-pleaded facts. *Nemet Chevrolet, Ltd. v. consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

This plaintiff is proceeding *pro se* and, as such, the Court must consider the claims presented to it in a different light than it might consider the filings of professional attorneys. Although the Court must liberally construe pleadings submitted to it by *pro se* litigants, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam), "a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Further complicating this case, English is not the plaintiff's first language. Given these factors, the Court has done its best to parse the facts and claims alleged by the plaintiff in his complaints and filings.

I.  PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE EQUAL PAY ACT OF 1963.

The Equal Pay Act provides that employers cannot pay employees of opposite sexes disparate pay for equal work. 29 U.S.C. § 206(d). To establish a *prima facie* case under the Equal Pay Act, Plaintiff must demonstrate that he received lower pay than a female employee

3

performing substantially equal work under similar conditions. *Strag v. Bd. of Trustees*, 55 F.3d 943, 948 (4th Cir. 1995). Plaintiff failed to allege that any female was paid more than he for the same work. Accordingly, plaintiff has failed to present a facially plausible claim under the Equal Pay Act, and his claims under such are DISMISSED.

> II. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.
> **A. Plaintiff's termination claim must be dismissed as he has failed to exhaust his administrative remedies.**

A plaintiff's failure to exhaust his administrative remedies by not fully presenting his claim to EEOC before filing a federal lawsuit deprives the federal district court of subject matter jurisdiction over the claims not presented to the agency. *See Davis v. North Carolina Dep't of Correction,* 48 F.3d 134, 138-40 (4th Cir. 1995). Further, as a prerequisite to federal jurisdiction, plaintiffs must obtain, or at least be entitled to, a notice of their right to sue from the EEOC. *See Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091 (4th Cir. 1982). The termination complained of by plaintiff occurred on August 28, 2010. *See* [DE 37]. In the plaintiff's second and third copies of his complaint filed with this Court he alleged that he was not terminated, but left his job voluntarily. Further, the charge of discrimination filed with the EEOC by plaintiff indicated that he was suspended from work for a week, but was not terminated. Because the charge of discrimination controls the scope of the litigation, this Court does not have jurisdiction to address any claims for termination. The plaintiff also cites an additional charge of discrimination, No. 433-2012-02446, but he fails to allege or show that he has received a notice of his right to sue on this charge of discrimination. Without such notice or the plaintiff's entitlement to such a right, the Court does not have jurisdiction to consider the allegations included in a charge of discrimination that is not before it. As such, plaintiff's claim that he was terminated in violation of Title VII must be dismissed.

4

### B. Plaintiff's discrimination claim must be dismissed as he has failed to plead adverse employment action.

Absent direct evidence of discrimination, a plaintiff may establish a *prima facie* case of discrimination in violation of Title VII by showing the following elements: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) treatment that is different from similarly situated colleagues who are not members of his protected class. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Typically, an adverse employment action consists of "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion . . ." *Boone v. Goldin*, 178 F.3d 253, 255 (4th Cir. 1999). In such a case, a properly stated complaint should reveal some employment action that had a "significant detrimental effect" on his employment. Where a plaintiff pleads that a negative performance review constitutes an adverse employment action he must explain and quantify how that review might impact his current pay or employment opportunities. *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007).

Here, the plaintiff has alleged that he was subject to discrimination that consisted of a reassignment to a position for which he was originally hired, a workplace review that suggested there was "development needed" in certain aspects of his performance, and a requirement that he had to document his daily work activities. None of plaintiff's allegations rise to the level of having a "significant detrimental effect" on his employment. Rather, plaintiff has presented to the Court some trivial annoyances that are inherent in most jobs. Further, plaintiff's performance review was not generally negative, but instead reflected pleasure with the plaintiff's workplace behavior in some categories. Additionally, it remains undisputed that plaintiff's final departure from Wal-Mart was his own decision. For these reasons, the Court finds that the plaintiff has

5

failed to plead an adverse employment action and, as such, has failed to state a claim under Title VII. To the extent the plaintiff has attempted to set forth a separate claim for discrimination under the ADA, that claim fails for the same reasons set forth herein.

### C. Plaintiff's retaliation claim must be dismissed as he has failed to plead an adverse employment action.

Similar to a discrimination claim, the elements of a retaliation claim include: (1) engagement in a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the stated adverse employment action. In the context of a retaliation claim the meaning of "adverse employment action" takes on a different character. *See Burlington N. & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006). The action taken by the employer need only be one creating material adversity; in other words, would dissuade a reasonable worker from making the same complaint. *See id.* The largely trivial annoyances complained of by the plaintiff and his failure to quantify whether his negative performance review actually affected his earning and promotion potential do not constitute this type of material adversity. Further, the plaintiff has failed to allege any real connection between these workplace annoyances and the retaliation that he allegedly suffered. As the plaintiff has failed to allege that he suffered material adversity his claim must be dismissed. *See id.* at 68. To the extent the plaintiff has attempted to set forth a separate claim for retaliation under the ADA, that claim fails for the same reasons set forth herein.

### D. Plaintiff's harassment claim must be dismissed as he has failed to set forth a facially plausible claim.

The elements of a harassment claim under Title VII, include: (1) unwelcome harassment; (2) harassment due to the plaintiff's membership in a protected class; (3) harassment that is sufficiently severe or pervasive to create an abusive workplace atmosphere; (4) some factual basis that exists to impute liability for the harassment to the employer. *See e.g., Baqir v.*

6

434 F.3d 733, 745-46 (4th Cir. 2006). A hostile work environment consists of harassment that is severe and pervasive. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (citing *Meritor Savings Bank, FSB v.* Vinson, 477 U.S. 57 (1986)). Here, the plaintiff has alleged several discrete events that he alleged constituted a hostile work environment. These events, which included the requirement that plaintiff document his work activities and return to the dairy/frozen food section, are not sufficiently severe or pervasive to constitute a hostile work environment. As such, the plaintiff has failed to state a facially plausible claim and his harassment claim must be dismissed. To the extent the plaintiff has attempted to set forth a separate claim for harassment under the ADA, that claim fails for the same reasons set forth herein.

## CONCLUSION

For the foregoing reasons, the defendant's motion is granted. The plaintiff's claims under Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963 are DISMISSED. To the extent the plaintiff has attempted to allege separate claims for discrimination, retaliation, and harassment under the Americans with Disabilities Act those claims are also DISMISSED. As such, the only remaining claim in this case is the plaintiff's failure to accommodate claim arising under the Americans with Disabilities Act.

SO ORDERED.

This the ___ day of July, 2013.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE