IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| SERGIO LUIS RAMIREZ-RODRIGUEZ )<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, L.P., )<br>Defendant. )<br>) | | No. 5:12-CV-585-BO |
| SERGIO LUIS RAMIREZ-RODRIGUEZ )<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, L.P., )<br>Defendant. )<br>) | | No. 5:13-CV-442-BO |

## ORDER

Now pending before the Court is a memorandum and recommendation by United States Magistrate Judge Robert Jones in case 5:13-CV-442-BO. Also before the Court for consideration is a motion filed by defendant, Wal-Mart Stores, in case 5:12-CV-585-BO to consolidate these actions and stay discovery. Plaintiff, proceeding *pro se* in both matters, has failed to respond to either the motion to consolidate or the memorandum and recommendation. For the reasons discussed below, the recommendation of Judge Jones is adopted and Wal-Mart's motion to consolidate is granted.

## BACKGROUND

Plaintiff was formerly employed by Wal-Mart as a stocking dairy/frozen sales associate. Plaintiff contends in his first-filed action (5:12-CV-585-BO) that he was denied a reasonable

accommodation after an injury and that he was discriminated on the basis of his national origin and disability. Plaintiff also alleges that defendant violated the Equal Pay Act. By order entered July 3, 2013, the Court granted Wal-Mart's motion for partial dismissal and dismissed plaintiff's claim under the Equal Pay Act and claims for discrimination, retaliation, and harassment; remaining for adjudication is plaintiff's claim for failure to accommodate under the Americans with Disabilities Act (ADA).

On June 19, 2013, plaintiff commenced a second action against Wal-Mart (5:13-CV-442-BO) by filing a motion for leave to proceed *in forma pauperis*. On September 25, 2013, Magistrate Judge Jones granted plaintiff's motion for leave to proceed *in forma pauperis* and filed a memorandum and recommendation. The second-filed action appears to be based on a second charge plaintiff filed with the Equal Employment Opportunity Commission (EEOC) in 2012, which allegedly forms the basis of some of the claims that were ultimately dismissed from plaintiff's first-filed action.

## DISCUSSION

I.  MEMORANDUM & RECOMMENDATION

A claim proceeding *in forma pauperis* may be dismissed at any time if it is frivolous. 28 U.S.C. § 1915( e )(2)(B)(I). A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To make a frivolity determination, a court may designate a magistrate judge "to submit . . . proposed findings of fact and recommendations" for the disposition of a variety of motions. 28 U.S.C. § 636(b)(1)(B).

A district court is required to review de novo those portions of a memorandum and recommendation to which a party timely files specific objections or where there is plain error. 28

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). De novo review is not required when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the magistrate judge's recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Further, when "objections to strictly legal issues are raised and no factual issues are challenged, de novo review may be dispensed with." *Id.*

Judge Jones recommends that plaintiff's claims for retaliatory discharge and harassment under Title VII and the ADA and claims under the Equal Pay Act be dismissed. Plaintiff has filed no objection to the recommendation, and the Court in its review finds no plain error. Accordingly, the memorandum and recommendation is ADOPTED. Plaintiff's claims for retaliatory discharge and harassment under Title VII and the ADA and claims under the Equal Pay Act are DISMISSED for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6); plaintiff's claim for retaliation under the ADA based on an alleged reduction in hours shall proceed.

II.  MOTION TO CONSOLIDATE AND STAY DISCOVERY

Rule 42(a) of the Federal Rules of Civil Procedure permits consolidation of actions involving common questions of law or fact. This Court has broad discretion in determining whether to consolidate actions pending before it. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). While Rule 42(a)(2) would permit a court to merge causes of actions into a single case, the majority of courts still subscribe to the traditional rule, which provides that consolidated actions must retain their separate characters. *See Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 (3d ed.). This Court will follow the traditional rule. *See Bess v.*

3

*Cnty of Cumberland, N.C.*, No. 5:11-CV-388-BR, 2011 WL 4809879 (E.D.N.C. October 11, 2011).

Wal-Mart has demonstrated that consolidation is appropriate here. The allegations raised in the second-filed action are similar or identical to those raised in the first, and contain common questions of both law and fact. Accordingly, the Court in its discretion CONSOLIDATES cases 5:12-CV-585-BO and 5:13-CV-442-BO. Wal-Mart's request to stay discovery pending its anticipated motion to dismiss is also, for good cause shown, allowed. *See Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1998). The parties shall confer for purposes of conducting their Rule 25(f) Conference within fourteen (14) days of the date of entry of an order on Wal-Mart's anticipated motion to dismiss or Wal-Mart's filing of an answer. The parties shall then file, either jointly or separately, a proposed discovery plan and shall exchange mandatory disclosures, each within fourteen (14) days after their Rule 26(f) Conference.

## CONCLUSION

For the foregoing reasons, the memorandum and recommendation [DE 6] of Magistrate Judge Jones filed in case 5:13-CV-442-BO is hereby ADOPTED. Plaintiff's claims for retaliatory discharge and harassment under Title VII and the ADA and claims under the Equal Pay Act are DISMISSED for failure to state a claim upon which relief can be granted.

Wal-Mart's motion to consolidate [DE 43] filed in case 5:12-CV-585-BO is GRANTED. These two actions shall proceed for purposes of discovery and dispositive motion filing under one consolidated cased number, 5:12-CV-585-BO (Consolidated Action), which shall for such purposes encompass plaintiff's claim for failure to accommodate under the ADA and plaintiff's claim for retaliation under the ADA based on an alleged reduction in hours. Each filing shall

continue to reflect case numbers 5:12-CV-585-BO and 5:13-CV-442-BO, but shall be filed only in the consolidated action. Should one or both of plaintiff's claims remain for trial, the Court will at that time address whether severance of the consolidated action is necessary. The clerk is DIRECTED to enter this order in each of the now-consolidated actions and to administratively close the file of case 5:13-CV-442-BO. At the appropriate time, case 5:13-CV-442-BO shall be reopened so that judgment or other proceedings may be entered therein.

Wal-Mart's request to stay discovery [DE 43] pending its anticipated motion to dismiss is also GRANTED. The parties shall confer for purposes of conducting their Rule 26(f) Conference within fourteen (14) days upon Wal-Mart's filing of an answer or the Court's order on its motion to dismiss. The parties shall then file, either jointly or separately, a proposed discovery plan and shall exchange mandatory disclosures, each within fourteen (14) days after their Rule 26(f) Conference.

SO ORDERED, this 30 day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE