IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SERGIO LUIS RAMIREZ-RODRIGUEZ )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, L.P., )<br>    Defendant. )<br>_____) | No. 5:12-CV-585-BO |
| SERGIO LUIS RAMIREZ-RODRIGUEZ )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, L.P., )<br>    Defendant. )<br>_____) | No. 5:13-CV-442-BO |

ORDER

This consolidated action comes before the Court on defendant's combined motion for judgment on the pleadings as to case 5:12-CV-585-BO and motion to dismiss as to case 5:13-CV-442-BO pursuant to Rules 12(c) and 12(b)(6) of Federal Rules of Civil Procedure. Plaintiff, proceeding in these matters *pro se*, has responded, defendant has replied, and the matters are ripe for ruling. For the reasons discussed below, defendant's motions are granted.

BACKGROUND

Plaintiff was formerly employed by Wal-Mart as a stocking dairy/frozen sales associate in Zebulon, North Carolina. Plaintiff was employed at Wal-Mart from January 2009 until he resigned on June 5, 2012. Plaintiff allegedly injured his foot while he was working on August 11, 2010, and was unable to stand for extended periods; it appears that plaintiff missed approximately one week of work due to his injury. Plaintiff returned to Wal-Mart and worked as a greeter.

Plaintiff alleges that his injury was not accommodated, that he was forced to stand for extended periods, and that eventually he was returned to work in the dairy/frozen food section.

Plaintiff contends in his first-filed action (5:12-CV-585-BO) that he was denied a reasonable accommodation after his injury, that he was discriminated on the basis of his national origin and disability, and that defendant violated the Equal Pay Act. By order entered July 3, 2013, the Court granted Wal-Mart's motion for partial dismissal and dismissed plaintiff's claim under the Equal Pay Act and claims for discrimination, retaliation, and harassment; remaining for adjudication is plaintiff's claim for failure to accommodate under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*.

On June 19, 2013, plaintiff commenced a second action against Wal-Mart (5:13-CV-442-BO) by filing a motion for leave to proceed *in forma pauperis*. By order entered October 31, 2013, the Court adopted the memorandum and recommendation of Magistrate Judge Jones and dismissed plaintiff's claims for retaliatory discharge and harassment under Title VII and the ADA as well as claims under the Equal Pay Act in plaintiff's second-filed action. Remaining for adjudication in that matter is plaintiff's claim for retaliation under the ADA based on reduction in hours. By the same order, the Court consolidated these two cases for purposes of discovery and dispositive motion filing. The Court further stayed discovery in both matters pending its ruling on defendant's then-anticipated motion to dismiss.

Wal-Mart has now moved for judgment on the pleadings on plaintiff's failure to accommodate claim under the ADA raised in the first-filed action and to dismiss plaintiff's claim for retaliation under the ADA in the second-filed action.

## DISCUSSION

I.  MOTION FOR JUDGMENT ON THE PLEADINGS

A Rule 12(c) motion for judgment on the pleadings raising the defense of failure to state a claim upon which relief can be granted is assessed under the Rule 12(b)(6) standard. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570. Although *pro se* litigants are entitled to liberal construction of their pleadings, the Court cannot manufacture a factual basis to allow those pleadings to go forward. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008).

A *prima facie* case of failure to accommodate under the ADA is established by showing first that plaintiff is an individual with a disability within the meaning of the ADA, second that the employer had notice of the disability, third that with reasonable accommodation the employee could perform the essential functions of the position, and fourth that the employer refused to make

3

such an accommodation. *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001). An individual is within the ADA's protected class if he is a qualified individual with a disability. *Id.* Disability is defined by the ADA to mean "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). The term "substantially limits" is to be construed broadly in favor of coverage, but not every impairment will constitute a disability under the ADA. 29 C.F.R. § 1630.2(j)(i)-(ii).

Plaintiff's claim is based on an injury he sustained to his foot apparently while working. Reviewing plaintiff's complaint and corrected complaint, the Court is unable to determine whether plaintiff's foot injury is merely an impairment or is one that substantially limits the major life activity of walking. 42 U.S.C. § 12102(2). As the requirement that an impairment substantially limit a plaintiff's major life activity is to be broadly construed, however, the Court will assume for purposes of this motion that plaintiff has sufficiently plead that he is an individual with a disability within the meaning of the ADA.

Even so, plaintiff has failed to provide the Court with sufficient factual allegations to support a contention that with reasonable accommodation he could perform the essential functions of his position. First, it is unclear from plaintiff's filings exactly whether the accommodation he alleges he sought relates to his position as a greeter or his position in the dairy/frozen food section. Further, plaintiff has provided the Court with no description of either position's duties. Finally, plaintiff has failed to provide a factual basis to support that he could in fact perform the essential functions of either position, even with a reasonable accommodation. Indeed, plaintiff appears to have admitted in his response to the instant motion that he could not perform his duties in the dairy/frozen food department even with accommodation, [DE 53 at 2; 3], and it is clear

4

from the filings in this case that plaintiff is not proficient in English, a skill which is reasonably related to Wal-Mart's greeter position as it requires interaction with the public, and upon which basis Wal-Mart ultimately deemed that plaintiff was unqualified work as a greeter. [DE 6 at 5]; *see also Jiminez v. Mary Washington College*, 57 F.3d 369, 380 (4th Cir. 1995); *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 549 (6th Cir. 1991), *abrogated* on other grounds by *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) ("Unlawful discrimination does not occur, however, when a plaintiff's accent affects his ability to perform the job effectively.").

Relatedly, as plaintiff has not alleged facts that with reasonable accommodation he could perform the essential functions of his position, he has further not alleged sufficient facts that would support that Wal-Mart declined to make such reasonable accommodation. The only accommodation to which plaintiff refers repeatedly is a leave of absence, but plaintiff has not alleged the length of absence that would have been required or whether he could have returned to work within a reasonable time. *See Kitchen v. Summers Continuous Care Ctr., LLC*, 552 F. Supp. 2d 589, 596 (S.D.W. Va. 2008) ("medical leave may be a reasonable accommodation, [but] it is only reasonable where "it is finite and will be reasonably likely to enable the employee to return to work.") (citation omitted).

Though the Court is mindful that to survive a motion to dismiss a plaintiff need not make a *prima facie* showing that he is entitled to relief, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002), he still must allege sufficient facts to support his claim. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). As plaintiff has failed to allege sufficient facts to support a claim for failure to accommodate under the ADA, defendant is entitled to judgment on the pleadings in case No. 5:12-CV-585-BO.

5

II. MOTION TO DISMISS

As discussed above, in order to survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must state sufficient facts to state a claim that is facially plausible. *Twombly*, 550 U.S. at 555. Wal-Mart contends that plaintiff's claim for retaliation under the ADA in his second-filed action, No. 5:13-CV-442-BO, fails to state a claim as a matter of law, and the Court agrees.

In order to demonstrate retaliation under the ADA, a plaintiff must either provide direct proof or show that (1) he engaged in protected activity; (2) that his employer acted adversely against him; and (3) that the protected activity was causally connected to the adverse action. *Rhoads*, 257 F.3d at 392. In his complaint and its attachment, plaintiff makes the following allegations relating to his retaliation claim. Plaintiff believes that he was discriminated against after an investigation by the Equal Employment Opportunity Commission (EEOC) and that after his complaints his hours were cut to less than thirty-four hours and even weeks of zero hours. [DE 1-2]. Plaintiff's EEOC charge, which the Court may consider without converting defendant's motion to one for summary judgment, *see e.g. Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), states that starting on or about January 15, 2012, through June 5, 2012, plaintiff was harassed and his hours were reduced. In February 2012, plaintiff spoke with Jessica in personnel and asked why he was not scheduled to work, to which Jessica responded that Tommy, an assistant manager, was plaintiff's manager. This happened on at least two other occasions. Plaintiff further states that he believes he has been retaliated against in violation of the ADA for filing an EEOC charge and for complaining to Wal-Mart's hotline. [DE 51].

The factual basis for the alleged retaliation is simply insufficient to support a claim. While

6

filing an EEOC charge is a protected activity, and even if the Court assumes that plaintiff's contacting Wal-Mart's internal hotline was also protected activity, *see Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998) ("opposition activity encompasses utilizing informal grievance procedures"), plaintiff's allegations fail completely to suggest any causal connection between his protected activities and a reduction in his hours. It is not apparent from plaintiff's complaint whether the party responsible for reducing plaintiff's hours had any knowledge of plaintiff's protected activities, *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) (relevant decision maker must be aware of protected activity) nor is there any temporal proximity between plaintiff's first EEOC charge in February 2011 and his reduction in hours in February 2012. *See Id.*; *Hockaday v. Brownlee*, 370 F. Supp.2d 416, 424-25 (E.D.Va. 2005). As plaintiff has failed to allege sufficient facts to support a claim for retaliation under the ADA, defendant is entitled to dismissal of plaintiff's claim in case No. 5:13-CV-442-BO.

## CONCLUSION

For the foregoing reasons, defendant's consolidated motion for judgment on the pleadings and to dismiss is GRANTED and each of plaintiff's remaining claims are DISMISSED. The clerk is DIRECTED to enter judgment accordingly. The clerk is further DIRECTED to reopen case No. 5:13-CV-442-BO and to file this order and related judgment. The clerk shall then close the file in both case No. 5:12-CV-585-BO and 5:13-CV-442-BO.

SO ORDERED, this __3__ day of April, 2014.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE